[Civ. No. 991. Fourth Appellate District.—December 2, 1932.]

BANK OF AMERICA OF CALIFORNIA (a Corporation), Appellant, v. F. W. SLINGERLAND et al., Defendants; ALVIN ANDERSON, Respondent.

Freston & Files and James A. McLaughlin for Appellant.

J. Edward McCurdy for Respondent.

MORTON, J., *pro tem.*—Appellant brought this action to subject certain real property to the payment of a judgment

of $3,000 against one F. W. Slingerland. It is alleged that the other defendants have no interest in the property; that although vested title appeared in the name of Michal D. Slingerland, he had no real interest or ownership in the property and that the legal title to the property was placed in his name for the purpose of defrauding appellant and preventing an execution upon the property under its judgment against defendant F. W. Slingerland. Respondent claiming ownership of the property through recorded deeds of Michal D. Slingerland and S. W. Irving, filed his answer on April 2, 1930, and a cross-complaint praying damages of $15,000 alleging that the *lis pendens* recorded by appellant giving notice of this action had prevented him from refinancing or selling his equity in the property. Respondent alleged the value of the property to be $30,000, which was denied by appellant. It was subject to a trust deed of $12,000 and a second trust deed of $1750, the first trust deed being in favor of appellant. On March 11, 1930, appellant entered a default under its trust deed and on June 13, 1930, pursuant to order of court respondent amended his cross-complaint to include injunctive relief against the trust deed foreclosure. He also sets forth that he and his family resided on the property. Appellant in his answer to the cross-complaint alleges that defendant S. W. Irving is a fictitious character; that the S. W. Irving grant deed to respondent was not executed on the date shown and further that he never owned any interest in the property. The affidavit of one H. C. Lichenberger, a state inheritance tax appraiser of the state of California, gives the reasonable cash market value of the entire property on June 4, 1930, as $18,400.

Appellant appeals from the temporary injunction granted respondent by the trial court enjoining foreclosure of its trust deed pending the trial of this action.

The issues presented by these pleadings place the title to the property in dispute, involve equitable relief, and raise a question as to damages. It is alleged by appellant that Michal D. Slingerland, S. W. Irving and respondent wrongfully claim an interest in the property, and he asks that it be decreed that F. W. Slingerland is the owner and that his interest be subjected to the judgment.

The burden of proving title rests upon the appellant in actions of this nature. There can be no question but that

.the recording of the *lis pendens* clouded respondent's title to the property in such a manner as to seriously affect refinancing the encumbrances and the selling of the property. When this action is tried on its merits the issue will be decided as to whether or not respondent is entitled to any damages.

Apparently without any act on his part, except the source from which he secured his title, respondent finds his property involved in litigation. The injury is of a continuing nature difficult to estimate and his equity can only be preserved through equitable relief.

"And where title is in dispute, it is the common practice to issue injunctions for the preservation of the property pending proceedings at law for the determination of the rights of the parties. The mere existence of a doubt as to title does not of itself constitute a sufficient ground for refusing the injunction." (14 Cal. Jur., sec. 48, p. 240.)

Further, in the case of *Kellogg* v. *King,* 114 Cal. 378, at 385 [46 Pac. 166, 168, 55 Am. St. Rep. 74], the court held:

"The mere fact that one has a right of action at law will not prevent his right to equitable relief by way of injunction against a threatened trespass, if under the circumstances the legal remedy would fail of affording adequate relief against the impending wrong. . . . It is the nature of the injury, and not the incapacity of the party to respond in damages, which determines the right. Where the effect of the act complained of is or may be to largely impair or destroy the substance of the estate, by taking from it something which cannot be replaced, it may be enjoined, irrespective of the ability of the defendant to respond in damages."

If sufficient grounds appear to support the discretion exercised by the trial court, its order should not be disturbed on appeal.

█ "The granting or denial of a preliminary injunction does not amount to an adjudication of the ultimate rights in controversy. It merely determines that the court, balancing the respective equities of the parties, concludes that, pending a trial on the merits, the defendant should or that he should not be restrained from exercising the rights claimed by him." (*Miller & Lux* v. *Madera Canal etc. Co.,* 155 Cal. 59 [99 Pac. 502, 22 L. R. A. (N. S.) 391].),

Considering all the circumstances surrounding the issues herein involved, the substantial conflict in the evidence thus far presented, and the advisability of keeping the title to the property *in statu quo* until the matter is heard on its merits, we feel that this action is a proper one in which to issue a preliminary injunction.

The order of the trial court is therefore affirmed.

Barnard, P. J., and Marks, J., concurred.